Patrick K. Hanly (SBN 128521)
980 9th Street, 16th Floor
Sacramento, California 95814
Telephone: (916) 773-2211
Facsimile: (916) 449-9543

Attorney for Defendant
Behrooz Badie

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No: 08-474 EJG |
| ) | |
| Plaintiff, ) | **STIPULATION AND ORDER VACATING** |
| ) | **CURRENT TRIAL DATE AND SETTING** |
| vs. ) | **NEW DATES AND EXCLUDING TIME** |
| ) | **UNDER THE SPEEDY TRIAL ACT** |
| DINO ROSETTI, and BEHROOZ BADIE, ) | |
| ) | **Date: 7-21-11** |
| Defendants. ) | **Time: 10:00 a.m.** |
| ) | **Courtroom: Honorable EDWARD J. GARCIA** |
| ) | |
| ) | |

　　　　Defendant Behrooz Badie, through his counsel of record, Patrick K. Hanly, defendant Dino Rosetti, through his counsel of record Mark Reichel, and plaintiff United States of America, through its counsel, Assistant United States Attorney Philip A. Ferrari, agree and stipulate that the current trial confirmation hearing date of August 5, 2011 and the current trial date of August 22, 2011 shall be vacated and in its place the Court shall set the following schedule:

　　　　Trial Confirmation Hearing: September 2, 2011

　　　　Trail: September 19, 2011

　　　　This request is made to afford defense counsel additional time to prepare for trial. The government has no objection to the requested continuance. This is a complex fraud case involving 16 different real estate transactions. To date, the government has produced approximately 50,000 pages of discovery. To complicate matters, the discovery it is not labeled to indicate its origin. Because several

businesses and individuals produced documents to the government, from title companies and banks to individuals and government agencies, it is difficult to tell from which business entity or individual the discovery came from. In this case that is important because who possessed what document at a given point in time, i.e., the addenda to the sales contracts and documents referencing same, is a critical issue in the case. The government has agreed to produce an index indicating which business entity or individual, e.g., Title Company, lender or party, produced which documents in the discovery. This index should be available next week and will speed up the defense's preparation in this case. The government also gave notice on July 19, 2011 of its intention to call an expert witness in the area of residential real estate. The defense would like additional time to identify its own expert in this area.

In addition, defendant Badie received approximately four boxes of discovery in his Department of Real Estate ("DRE") administrative case on June 1st of this year. These documents relate to the transactions at issue in the criminal case and counsel needs time to review those documents. Mr. Badie's DRE trial commenced on June 6, 2011 and concluded on June 7, 2011. In the DRE trial the DRE called as witnesses some of the listing agents who are witnesses in the criminal case. Counsel for the defense is attempting to obtain a transcript of the testimony of the witnesses at the DRE hearing as they may be called as witnesses for the government in the criminal case. This transcript is necessary for the effective preparation of cross examination for these witnesses.

This is the first trial date in this case. The continuance is not sought for purposes of delay but to allow for effective trial preparation. The government does not oppose this request.

The parties further agree and stipulate that time under the Speedy Trial Act should be excluded from the date of this stipulation until and including September 19, 2011 based upon 18 U.S.C. §3161 (h)(1) (d) and 18 U.S.C. §3161 (h) (7) (B) (iv), and Local Code T4,

Dated: July 21, 2011              /s/Mark Reichel
                                  Attorney for Defendant
                                  Dino Rosetti

Dated: July 21, 2011              /s/ Patrick K. Hanly
                                  Attorney for Defendant
                                  Behrooz Badie

Dated: July 21, 2011                                    UNITED STATES ATTORNEY

                                        By: /s/  Philip A. Ferrari
                                              Assistant United States Attorney

## **ORDER**

Based on the stipulation of the parties and good cause appearing there from, the Court hereby finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court specifically finds that the ends of justice served by the granting of such continuance outweigh the interests of the public and the defendant in a speedy trial.  The Court also finds that time should be excluded for the filing of motions from the time the motions are filed until such time as the Court has ruled on the motions. Based on these findings and pursuant to the stipulation of the parties, the Court hereby adopts the stipulation of the parties in its entirety as its Order.

**IT IS SO ORDERED**.

Dated: July 21, 2011                          /s/ Edward J. Garcia
                                               HONORABLE EDWARD J. GARCIA
                                             United States District Court Judge